1  Timothy D. Reuben (SBN 94312)
   treuben@rrbattorneys.com
2  Stephen L. Raucher (SBN 162795)
   sraucher@rrbattorneys.com
3  Michael N. Hirota (SBN 280466)
   mhirota@rrbattorneys.com
4  REUBEN RAUCHER & BLUM
   10940 Wilshire Blvd., 18th Floor
5  Los Angeles, California 90024
   Telephone: (310) 777-1990
6  Facsimile: (310) 777-1989

7  *Attorneys for Plaintiff Fuzzy Logic Productions, Inc.*

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12 FUZZY LOGIC PRODUCTIONS, INC.,)  Case No. 2:15-CV-06203
   a New York corporation,        )
13                                 )
                                   )  **PLAINTIFF FUZZY LOGIC**
14        Plaintiff,               )  **PRODUCTIONS, INC.'S**
                                   )  **COMPLAINT FOR:**
15   v.                            )
                                   )  1. COPYRIGHT
16                                 )     INFRINGEMENT
   TRAPFLIX, LLC; a California limited) 2. INFRINGEMENT OF AN
17 liability company;, CALVIN BROADUS)    UNREGISTERED
   a.k.a. Snoop Dogg, an individual;)     TRADEMARK (15 U.S.C.
18 JOSEPH TOM a.k.a. Figg Panamera )      §1125(a))
   a.k.a. JT the Bigga Figga; and DOES 1) 3. VIOLATION OF FEDERAL
19 THROUGH 10,                    )        ANTI-DILUTION STATUTE
20                                 )        (15 U.S.C. §1125(c))
        Defendants.                )  4. FALSE ADVERTISING
21                                 )     (15 U.S.C. §1125(a))
                                   )  5. FALSE DESIGNATION OF
22                                 )     ORIGIN (15 U.S.C. §1125(a))
                                   )  6. COMMON LAW
23                                 )     TRADEMARK
                                   )     INFRINGEMENT
24                                 )  7. UNFAIR COMPETITION
                                   )     (CAL BUS. & PROF. CODE
25                                 )     §17200)
                                   )  8. INJURY TO BUSINESS
26                                 )     REPUTATION AND
                                   )     TRADEMARK DILUTION
27                                 )     (CAL BUS. & PROF. CODE
                                         §14330)
28                                     9. UNJUST ENRICHMENT

1

Plaintiff Fuzzy Logic Productions, Inc. (hereinafter "Fuzzy Logic") for its claims against Defendants Trapflix, LLC ("Trapflix"), Calvin Broadus ("Broadus"), Joseph Tom ("Tom"), and DOES 1-10 hereby complains and alleges as follows.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to the Copyright Act of 1976, 17 U.S.C. §101 et seq., as well as 15 U.S.C. §1121. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and (b).

2. Venue is appropriate in this District based on 28 U.S.C. §§1391(b)(2).

## THE PARTIES

3. Fuzzy Logic is a New York Corporation, and conducts business in this judicial district.

4. Upon information and belief, Defendant Trapflix is a California limited liability company that conducts business in this judicial district.

5. Upon information and belief, Defendant Broadus, a.k.a. Snoop Dogg, is an individual residing in Los Angeles, California and conducts business in this judicial district.

6. Upon information and belief, Defendant Tom, a.k.a. Figg Panamera, a.k.a. JT the Bigga Figga, is an individual residing in San Francisco, California and conducts business in this judicial district.

7. The true names and capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 through 10 are unknown to Fuzzy Logic, and Fuzzy Logic therefore sues these Defendants by these fictitious names. Fuzzy Logic will amend this Complaint to allege the true names and capacities of these defendants when the same have been ascertained.

8. Fuzzy Logic is informed and believes that Does 1 through 10, inclusive, have acted or failed to act in concert with each of the other Defendants as alleged herein, and are responsible in some manner for the injuries and damages herein alleged. Fuzzy Logic is further informed and believes that at all times herein

mentioned, the defendants sued herein as Does 1 through 10, inclusive, were the agents, affiliates, subsidiaries, employees, co-conspirators, and/or alter egos of one or some of the remaining defendants and that in so doing the acts and things herein alleged, those defendants were acting within the scope and course of that agency and with the permission and consent of each of the other defendants.

## GENERAL ALLEGATIONS

9. Fuzzy Logic is a film production company that has produced a number of works released on television and film, including the 2013 Oscar-winning film *Curfew*. At all relevant times, Damon Russell was the owner and sole shareholder of Fuzzy Logic.

10. In or about 2009, Russell began casting for "gangster" characters throughout the state of Atlanta. He was subsequently contacted by Curtis Snow ("Snow"), a resident of an Atlanta neighborhood known as "the Bluff." Russell and Snow agreed to work together on a fictional movie loosely based on Snow's experiences in the Bluff. Over the next two years, Russell wrote, directed, and filmed this movie, which was entitled *Snow on tha Bluff*. Although *Snow on tha Bluff* drew loosely from Snow's experience and was marketed as being a "reality drama," the film was, in fact, a narrative fiction film based on real events. Russell was the primary individual responsible for writing, directing, and shooting the film.

11. Upon information and belief, at all relevant times, Snow was the owner and sole shareholder of Put A Piece Up There and Melt It Entertainment. Snow represented to Russell that Put A Piece Up There and Melt It Entertainment held its right, title, and/or interest in *Snow on tha Bluff*. On or about December 26, 2011, Snow executed an Assignment Agreement which served to irrevocably and forever quitclaim, grant, transfer, assign and release to Fuzzy Logic all of Put A Piece Up There and Melt It Entertainment's right, title and interest, including copyright and licensing interest, in *Snow on tha Bluff* to Fuzzy Logic.

12. On or about December 27, 2011, Snow and Russell executed a "Life Rights Agreement" through which Snow assigned to Fuzzy Logic the right to "use, fictionalize, and/or exploit in whole or in part [Snow's] life story, [Snow's] name, likeness, poses, statements, writings, photographs, anecdotes, acts, appearances, and voices." The Life Rights Agreement further assigned Fuzzy Logic "in perpetuity and throughout the universe all motion picture rights [...] all television rights, remake and sequel rights, novelization rights, and all allied, ancillary, corollary rights, subsidiary, merchandising rights including, without limitation, videocassette, videodisk, soundtrack interactive, online which may be produced in any and all media, now known or devised in the future in any and all languages, and any and all other rights pertaining thereto, and the right to exploit the aforesaid rights in any manner and by all means, whether now known or hereafter devised."

13. In consideration for its execution of the Life Rights Agreement, Russell agreed to grant Snow profit participation in the amount of twenty five percent (25%) of *Snow on tha Bluff's* net profits, payable if and when such profits were irrevocably received by Fuzzy Logic.

14. *Snow on tha Bluff* was commercially released on or about June 19, 2012 to critical acclaim. *Snow on tha Bluff* has been released on a variety of different platforms, including home DVD and through Netflix, a video streaming service that has a national distribution. The trade name "Snow on tha Bluff" has achieved substantial national recognition and acquired secondary meaning. The public associates this mark with Russell, Fuzzy Logic and their work. Accordingly, by virtue of Fuzzy Logic's extensive and continuous use of the "Snow on tha Bluff" trademark and trade name in interstate commerce, the mark and name have become, and continue to be, famous and distinctive.

15. Fuzzy Logic is informed and believes and thereon alleges that with full knowledge of Fuzzy Logic's valuable copyright, trademark and trade name, and other intellectual property rights, Defendant Trapflix and Defendants Calvin Broadus and

Joseph Tom (hereinafter "Individual Defendants") began creating, producing, marketing and/or distributing unauthorized movie sequels, amongst other things, marked as "Snow on tha Bluff 2" and/or "Snow on tha Bluff 3" (the "Infringing Marks") with the name "Snow on tha Bluff" spelled in the same manner as Fuzzy Logic's trademark and trade name. Individual Defendants publicized the Infringing Marks to the public at large, both through social media and internet advertisements.

16. Fuzzy Logic is informed and believes and thereon alleges that, starting in or about April 2015, Trapflix has utilized Fuzzy Logic's trademark and trade name to promote its video streaming service, including marketing the unauthorized sequel "Snow on tha Bluff 2" as a "Trapflix Exclusive" both on its website and on its physical advertisements.

17. Fuzzy Logic is informed and believes and thereon alleges that, starting in or about April 2015, Trapflix released the film "Snow on tha Bluff 2" on its video streaming page. "Snow on tha Bluff 2" features title cards claiming that it is a "Trapflix original motion picture," "A JT the Bigga Figga film," and "a Trapflix production." Additionally, the credits page lists "Figg Panamera" and "Snoop Dogg" as the Executive Producers of "Snow on tha Bluff 2" and lists "JT" as the creator of the story. In addition to the nearly identical title (including the unique spelling of "tha"), "Snow on tha Bluff 2" utilizes many of the same elements as the original "Snow on tha Bluff," including the documentary film style, uses many of the same actors, and shot similar scenes in similar locations.

18. Fuzzy Logic is informed and believes and thereon alleges that, by creating, marketing, and distributing works that clearly bear Fuzzy Logic's trademark and trade name, Trapflix and Individual Defendants are clearly attempting to trade on the name recognition attached to Fuzzy Logic's work while at the same time displacing Fuzzy Logic as the source of "Snow on tha Bluff" works and products in the relevant market.

19. Defendants have attempted to trademark "Snow on tha Bluff," and Fuzzy Logic intends to oppose that registration upon publication of the proposed mark in the Official Gazette. Moreover, Fuzzy Logic has demanded that Defendants cease and desist from distributing, selling, or offering for sale works marked with the Infringing Marks. However, the Defendants have failed and refused to do so, and instead continue to distribute, sell, or offer for sale works bearing the Infringing Marks.

20. Defendants' marketing and distribution of the works that bear the Infringing Marks is likely to cause confusion and has caused confusion among potential customers and others in the film industry as to the source, affiliation, and/or sponsorship of those works.

21. Fuzzy Logic also owns copyright in and relating to the "Snow on tha Bluff" franchise. The motion picture copyright to "Snow on tha Bluff" was registered on February 28, 2012 by Russell, who subsequently assigned his copyright interest to Fuzzy Logic. A true and correct copy of Fuzzy Logic's motion picture copyright certificate for "Snow on tha Bluff," registration number PAu003654744, is attached hereto as Exhibit A.

22. Fuzzy Logic has already encountered numerous instances of actual confusion in which, by way of example, persons have inquired about the sequel to "Snow on tha Bluff" when in fact they are referring to works originating with Defendants.

23. After discovering Defendants' infringement of the "Snow on tha Bluff" trademark and copyright, Fuzzy Logic immediately contacted Defendant Broadus' attorney advising him of Fuzzy Logic's rights to the "Snow on tha Bluff" mark and franchise. Fuzzy Logic further provided documents evidencing the chain of title of the Snow on tha Bluff copyright, as well as evidence of Defendants' infringement, and demanded that Defendants immediately cease the infringing activities. However, Defendants failed and refused to do so.

24. In or about March, 2015, Russell was contacted by Defendant Tom, who acknowledged that Russell was the owner of the "Snow on tha Bluff" copyright and mark and asked Russell for how much he was willing to "right now" sell his interest in the franchise. When Russell expressed reluctance to sell his interest, however, Defendant Tom became combative and aggressive, and indicated that he intended to continue his infringing activities.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement
## (17 U.S.C. §501(a))

25. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

26. Fuzzy Logic is the exclusive owner of copyright in and related to the "Snow on tha Bluff" film and related products and possesses a copyright registration with the United States Copyright Office relating to the copyrighted work.

27. Defendants have actual notice of Fuzzy Logic's exclusive copyright rights in the "Snow on tha Bluff" franchise.

28. Defendants failed to obtain Fuzzy Logic's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Fuzzy Logic's copyright-protected works.

29. Without permission, Defendants intentionally and knowingly prepared, produced, and distributed derivative works based on Fuzzy Logic's protected works by creating, offering, advertising, promoting, retailing, selling, and distributing related products which are, at a minimum, substantially similar to Fuzzy Logic's protected works.

30. Defendants' "Snow on tha Bluff 2" is substantially similar to "Snow on tha Bluff" and constitutes unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of "Snow on tha Bluff."

31. Defendants' acts as herein alleged constitute infringement of Fuzzy Logic's copyright works, including Fuzzy Logic's exclusive rights to reproduce, distribute, and/or sell such protected material.

32. Defendants' knowing and intentional copyright infringement as herein alleged has caused and will continue to cause substantial and irreparable harm to Fuzzy Logic and has and will continue to cause damage to Fuzzy Logic. Fuzzy Logic is therefore entitled to injunctive relief, statutory damages for willful infringement, the Defendants' profits, actual damages, and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

## Infringement Of An Unregistered Trademark

## (15 U.S.C. §1125(a))

33. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

34. The actions complained of herein constitute willful infringement of an unregistered trademark in a manner likely to cause confusion and create a false association, connection or affiliation between Defendants and Fuzzy Logic and/or the "Snow on tha Bluff" trademark and trade name. The Defendants' unauthorized and infringing works, which are distributed bearing the Infringing Marks, are likely to cause confusion or deception as to the affiliation, connection or association of Fuzzy Logic's trademark with the Defendants, and as to the origin, sponsorship and/or approval of the Defendants' works.

35. The foregoing acts of Defendants constitute infringement of an unregistered trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

36. By reason of all the foregoing, Fuzzy Logic is being damaged by the Defendants' willful use of the Infringing Marks in the manner set forth above and will

continue to be damaged unless Defendants are enjoined from using, selling, or distributing products bearing the Infringing Marks or any confusingly similar mark.

37. Fuzzy Logic will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

38. As a proximate result of Defendants' infringement of its protected trademark and trade name, Fuzzy Logic has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark and trade name as a commercial asset, in an amount according to proof.

39. Under 15 U.S.C. §1117(a), Fuzzy Logic is entitled to recover damages sustained by it, as well as Defendants' profits and the costs of the action. Further, this is an exceptional case within the meaning of 15 U.S.C. §1117(a), and therefore an award to Fuzzy Logic of its reasonable attorney's fees is justified.

### THIRD CLAIM FOR RELIEF

### Violation of Federal Anti-Dilution Statute

### (15 U.S.C. §1125(c))

40. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

41. Fuzzy Logic's "Snow on tha Bluff" trademark and trade name are famous marks by virtue of their substantial inherent and acquired distinctiveness, its national use, and the extensive publicity of the mark which has developed strong and widespread recognition.

42. Defendants' use of the Infringing Marks dilutes the strength and distinctive quality of Fuzzy Logic's famous "Snow on tha Bluff" trademark and trade name and lessens the capacity of the trademarks to identify and distinguish Fuzzy Logic's work.

43. The acts and conduct of Defendants complained of herein constitute willful and deliberate dilution of Fuzzy Logic's "Snow on tha Bluff" trademark and trade name.

44. The foregoing acts of Defendants constitute a violation of the Federal anti-dilution statute, 15 U.S.C. §1125(c).

45. By reason of all the foregoing, Fuzzy Logic is being irreparably damaged by the Defendants' willful use of the Infringing Marks in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using, selling, or distributing products bearing the Infringing Marks or any confusingly similar mark.

46. As a proximate result of Defendants' dilution of its protected trademark and trade name, Fuzzy Logic has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark and trade name as a commercial asset, in an amount according to proof.

47. Under 15 U.S.C. §1117(a), Fuzzy Logic is entitled to recover damages sustained by it, as well as Defendants' profits and the costs of the action. Further, this is an exceptional case within the meaning of 15 U.S.C. §1117(a), and therefore an award to Fuzzy Logic of its reasonable attorney's fees is justified.

## FOURTH CLAIM FOR RELIEF

### False Advertising

### (15 U.S.C. §1125(a))

48. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

49. In commercial advertisements for its products and services, Defendants have used the Infringing Marks to promote its products and services.

50. The use of the Infringing Marks constitutes a false statement about the Defendants' works in that it has a tendency to deceive a substantial segment of its audience by causing confusion and creating a false association, connection or

affiliation between the Defendant and the works of Fuzzy Logic bearing the "Snow on tha Bluff" trademark and trade name.

51. The false statement is material because it is likely to influence the purchasing decisions of its audience, and Defendants has caused the false statement to enter interstate commerce by advertising to a national audience.

52. The foregoing acts of Defendants constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

53. By reason of all the foregoing, Fuzzy Logic is being damaged by Defendants' use of the Infringing Marks in its advertising as set forth above and will continue to be damaged unless Defendants are enjoined from creating, distributing or publishing commercial advertisements bearing the Infringing Marks or any confusingly similar mark.

54. As a proximate result of Defendants' dilution of its protected trademark and trade name, Fuzzy Logic has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark and trade name as a commercial asset, in an amount according to proof.

55. Under 15 U.S.C. §1117(a), Fuzzy Logic is entitled to recover damages sustained by him, as well as Defendants' profits and the costs of the action. Further, this is an exceptional case within the meaning of 15 U.S.C. §1117(a), and therefore an award to Fuzzy Logic of its reasonable attorney's fees is justified.

### FIFTH CLAIM FOR RELIEF
### False Designation of Origin
### (15 U.S.C. §1125(a))

56. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

57. The actions complained of herein constitute false designation by Defendant of the origin of its goods bearing the Infringing Marks. By selling and

promoting its own goods bearing containing the "Snow on tha Bluff" trade name spelled in identical fashion to Fuzzy Logic's mark, Defendants are passing off their own goods as having originated with Fuzzy Logic, and is thereby engaging in unfair competition in a manner likely to cause confusion and create a false association, connection or affiliation between Defendants' goods and Fuzzy Logic's "Snow on tha Bluff" mark.

58. The foregoing acts of Defendants constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

59. By reason of all the foregoing, Fuzzy Logic is being damaged by Defendants' use of the Infringing Marks in the manner set forth above and will continue to be damaged unless Defendants are enjoined from creating, distributing or publishing commercial advertisements bearing the Infringing Marks or any confusingly similar mark.

60. As a proximate result of Defendants' dilution of its protected trademark and trade name, Fuzzy Logic has suffered and will continue to suffer damages, in the form of lost profits and sales as well as the deprivation of the value of its trademark and trade name as a commercial asset, in an amount according to proof.

61. Under 15 U.S.C. §1117(a), Fuzzy Logic is entitled to recover damages sustained by him, as well as Defendants' profits and the costs of the action. Further, this is an exceptional case within the meaning of 15 U.S.C. §1117(a), and therefore an award to Fuzzy Logic of its reasonable attorney's fees is justified.

## SIXTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

62. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

63. By reason of all of the foregoing, Fuzzy Logic has acquired common law trademark rights in its "Snow on tha Bluff" trademark and trade name in connection with, among other things, motion picture productions and home video.

64. The actions of the Defendants herein complained of are likely to create confusion, mistake and deception of consumers, who are likely to believe that Defendants' infringing products are authorized by, licensed by, sponsored by or otherwise associated with the common law trademark rights in the "Snow on tha Bluff" trademark.

65. The actions of the Defendants herein complained of are also likely to create confusion, mistake, and deception of consumers, who are likely to believe that Fuzzy Logic's works bearing its "Snow on tha Bluff" trademark are in some way associated with Defendants due to their use of the Infringing Marks.

66. Upon information and belief, the acts and conduct of Defendant complained of herein constitute willful and deliberate infringement of Fuzzy Logic's common law rights in the "Snow on tha Bluff" trademark and that these acts and conduct will continue in willful and wanton disregard of Fuzzy Logic's valuable trademark rights.

67. The foregoing acts of Defendants constitute infringement of Fuzzy Logic's "Snow on tha Bluff" trademark in violation of the common law of the State of California.

68. By reason of all the foregoing, Fuzzy Logic is being damaged by Defendants' use of the Infringing Marks in the manner set forth above and will continue to be damaged unless Defendants are enjoined from creating, distributing or publishing commercial advertisements bearing the Infringing Marks or any confusingly similar mark.

69. As a proximate result of Defendants' dilution of its protected trademark and trade name, Fuzzy Logic has suffered and will continue to suffer damages, in the

form of lost profits and sales as well as the deprivation of the value of its trademark and trade name as a commercial asset, in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

## Unfair Competition

## California Business and Professions Code § 17200

70. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

71. The actions of Defendants complained of herein constitute a misappropriation of Fuzzy Logic's trademark and the goodwill associated herewith, acts of passing off, and an infringement of Fuzzy Logic's common law rights in the "Snow on tha Bluff" trademark and trade name, all of which sonstitute unfair, unlawful and fraudulent business practices in violation of Sections 17200 et. seq. of the California Business and Professions Code.

72. Upon information and belief, the acts and conduct of Defendants complained of herein constitute willful and deliberate unfair competition and will continue in willful and wanton disregard of Fuzzy Logic's valuable trademark rights.

73. By reason of all the foregoing, Fuzzy Logic is being damaged by Defendants' use of the Infringing Marks in the manner set forth above and will continue to be damaged unless Defendants are enjoined from creating, distributing or publishing commercial advertisements bearing the Infringing Marks or any confusingly similar mark. Fuzzy Logic is therefore entitled to injunctive relief under the California Business and Professions Code.

74. Fuzzy Logic will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined under California Business and Professions Code §17203.

75. Further, based upon Defendants' conduct, Fuzzy Logic is entitled to restitution, damages, and compensation as allowed by law.

## EIGHTH CLAIM FOR RELIEF

### Injury to Business Reputation and Trademark Dilution

### California Business and Professions Code § 14330

76. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

77. Fuzzy Logic's "Snow on tha Bluff" trademark is a distinctive mark in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in California, and the extensive publicity of the mark in California, which has resulted in strong, widespread recognition of the "Snow on tha Bluff" trademark.

78. The actions of the Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of Fuzzy Logic's well-known and famous "Snow on tha Bluff" trademark and trade name.

79. The foregoing acts of Defendants constitute dilution and injury to business reputation in violation of Section 14330 of the California Business and Professions Code.

80. By reason of all the foregoing, Fuzzy Logic is being damaged by Defendants' use of the Infringing Marks in the manner set forth above and will continue to be damaged unless Defendants are enjoined from creating, distributing or publishing commercial advertisements bearing the Infringing Marks or any confusingly similar mark. Fuzzy Logic is therefore entitled to injunctive relief under the California Business and Professions Code.

81. Fuzzy Logic will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined under California Business and Professions Code §14330.

82. Further, based upon Defendants' conduct, Fuzzy Logic is entitled to restitution, damages, and compensation as allowed by law.

## NINTH CLAIM FOR RELIEF

### Unjust Enrichment

### (17 U.S.C. §501(a))

83. Fuzzy Logic hereby repeats the allegations set forth in Paragraphs 1 through 24 of this Complaint, and incorporates them by this reference as though set forth in full at this point.

84. Defendants are indebted to Fuzzy Logic for the market advantage they gained by the use of the Infringing Marks. By incorporating the "Snow on tha Bluff" mark into their unauthorized derivative works, Defendants were able to take advantage of the goodwill and reputation earned by Fuzzy Logic and increase their own profits, thereby unjustly enriching themselves in amounts, on information and belief, exceeding two million dollars.

85. To date, Defendants have failed to pay Fuzzy Logic the amount of money which would fairly and adequately compensate it for the use of the Infringing Marks. Fuzzy Logic is entitled to an award of Defendants' profits from products and services sold bearing the Infringing Marks.

86. Further, based upon Defendants' conduct, Fuzzy Logic is entitled to restitution, damages, and compensation as allowed by law.

### PRAYER

WHEREFORE, Fuzzy Logic prays for judgment on its claims as follows:

**For the First Claim for Relief**

1. For an injunction enjoining Defendants and their parents, subsidiaries, and affiliated companies, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them from using, affixing, offering for sale, selling, advertising or promoting goods not emanating from Fuzzy Logic with any "Snow on tha Bluff" trademark or any mark confusingly similar to Fuzzy Logic's "Snow on tha Bluff" trademark and trade name.

2. For an injunction enjoining Defendants and their parents, subsidiaries, and affiliated companies, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them from diluting the distinctiveness and goodwill established by Fuzzy Logic in the "Snow on tha Bluff" trademark and trade name by using any "Snow on tha Bluff" trademark or any confusingly similar mark.

3. That it be ordered that all goods, products, signs, labels, brochures, advertising and promotional material bearing the "Snow on tha Bluff" trademark or similar trademark in Defendants' possession or subject to the Defendants' control or direction shall be delivered to Fuzzy Logic's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

4. For the recovery of damages according to proof, but in excess of $1,000,000.

5. For a full accounting of all Defendants' profits derived from their infringement of the "Snow on tha Bluff" copyright and an award to Fuzzy Logic of such profits.

6. In the alternative to actual damages and profits pursuant to 17 U.S.C. §501(b), for statutory damages for willful infringement pursuant to 17 U.S.C. §501(c), which election Plaintiff will make prior to the rendering of final judgment.

7. For reasonable attorney's fees.

8. For any other relief as the Court may deem proper.

**For the Second Claim for Relief**

1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

2. That it be ordered that all goods, products, signs, labels, brochures, advertising and promotional material bearing the "Snow on tha Bluff" trademark or similar trademark in Defendants' possession or subject to the Defendants' control or

direction shall be delivered to Fuzzy Logic's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

3. For the recovery of damages according to proof, but in excess of $1,000,000.

4. For a full accounting of all Defendants' profits derived from their infringement of the "Snow on tha Bluff" trademark and trade name and an award to Fuzzy Logic of such profits.

5. For reasonable attorney's fees.

6. For any other relief as the Court may deem proper.

**For the Third Claim for Relief**

1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

2. For the recovery of damages according to proof, but in excess of $1,000,000.

3. For a full accounting of all Defendants' profits derived from their infringement of the "Snow on tha Bluff" trademark and trade name and an award to Fuzzy Logic of such profits.

4. That it be ordered that all goods, products, signs, labels, brochures, advertising and promotional material bearing the "Snow on tha Bluff" trademark or similar trademark in Defendants' possession or subject to the Defendants' control or direction shall be delivered to Fuzzy Logic's counsel for destruction upon entry of a Final Judgment.

5. For reasonable attorney's fees.

6. For any other relief as the Court may deem proper.

**For the Fourth Claim for Relief**

1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

2. For the recovery of damages according to proof, but in excess of $1,000,000.

3. For a full accounting of all Defendants' profits derived from their infringement of the "Snow on tha Bluff" trademark and trade name and an award to Fuzzy Logic of such profits.

4. For reasonable attorney's fees.

5. For any other relief as the Court may deem proper.

**For the Fifth Claim for Relief**

1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

2. For the recovery of damages according to proof, but in excess of $1,000,000.

3. For a full accounting of all Defendants' profits derived from their infringement of the "Snow on tha Bluff" trademark and trade name and an award to Fuzzy Logic of such profits.

4. For reasonable attorney's fees.

5. For any other relief as the Court may deem proper.

**For the Sixth Claim for Relief**

1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

2. For the recovery of damages according to proof, but in excess of $1,000,000.

3. For any other relief as the Court may deem proper.

**For the Seventh Claim for Relief**

1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

2. For the recovery of damages according to proof, but in excess of $1,000,000.

    3. For any other relief as the Court may deem proper.

**For the Eighth Claim for Relief**

    1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

    2. For the recovery of damages according to proof, but in excess of $1,000,000.

    3. For any other relief as the Court may deem proper.

**For the Ninth Claim for Relief**

    1. For such injunctive relief as is described in the Prayer for Relief on the first Claim for Relief above.

    2. For restitution, damages, and compensation according to proof, but in excess of $1,000,000.

    3. For a full accounting of all Defendants' profits derived from their infringement of the "Snow on tha Bluff" trademark, copyright, and trade name and an award to Fuzzy Logic of such profits.

    4. For any other relief as the Court may deem proper.

**For All Claims for Relief**

    1. For attorney's fees as permitted by statute.

    2. For costs of suit.

    3. For pre-judgment interest on damages awarded.

    4. For such other and further relief as the Court may deem proper.

Dated: August 14, 2015        REUBEN RAUCHER & BLUM

By: _____/s/_____
Michael N. Hirota
*Attorneys for Plaintiff Fuzzy Logic*