UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6203 PA (SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | Fuzzy Logic Productions, Inc. v. Trapflix, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court are a Motion for Default Judgment (Docket No. 94) and a Motion for Attorneys' Fees (Docket No. 91) filed by plaintiff and counter-defendant Fuzzy Logic Productions, Inc. ("Fuzzy Logic" or "Plaintiff").  Fuzzy Logic seeks entry of Judgment and attorneys' fees from defendants and counter-claimants Joseph Tom, also known as "Figg Panamera" and "JT the Bigga Figga" ("Tom"), and Trapflix, LLC, a Georgia limited liability company ("Trapflix GA").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.  The hearing scheduled for July 18, 2016 is vacated, and the matters taken off calendar.

**I.    Factual and Procedural Background**

This is a trademark and copyright infringement action.  Plaintiff owns the intellectual property rights related to the motion picture "Snow on tha Bluff" that was released commercially in 2012.  The operative Second Amended Complaint ("SAC") alleges that "Snow on tha Bluff" is a fictional movie loosely based on the experiences of an individual named Curtis Snow and the Atlanta neighborhood called "the Bluff" in which Snow resides.  (SAC ¶ 22.)  "Snow on tha Bluff" has been released through a variety of platforms, including home DVD and Netflix.  Plaintiff asserts that the "trade name 'Snow on tha Bluff' has achieved substantial national recognition and acquired secondary meaning."  (SAC ¶ 26.)

Plaintiff alleges that defendants Tom, Trapflix GA, of which Tom is the sole shareholder and Chief Executive Officer, Calvin Broadus, who is also known by his stage name "Snoop Dogg" ("Broadus"), and Trapflix, LLC, a California limited liability company ("Trapflix CA"), operated by Broadus, together produced, marketed, and distributed "unauthorized movie sequels" with the names "Snow on tha Bluff 2" and possibly "Snow on tha Bluff 3."  (SAC ¶ 28.)  "Snow on tha Bluff 2" had been distributed on the "Trapflix" website operated by Trapflix GA.  (FAC ¶¶ 27-29.)  The title cards appearing in "Snow on tha Bluff 2" include statements that it is a "Trapflix original motion picture," "A JT the Bigga Figga film," and "a Trapflix production."  (SAC ¶ 30.)  The credits for "Snow on tha Bluff 2" list "Figg Panamera" and "Snoop Dogg" as executive producers.  (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6203 PA (SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | Fuzzy Logic Productions, Inc. v. Trapflix, LLC, et al. | | |

    The SAC alleges claims for: (1) copyright infringement against Tom and Trapflix GA; (2) infringement of an unregistered trademark against Tom and Trapflix GA; (3) trademark dilution pursuant to 15 U.S.C. § 1125(c) against Tom and Trapflix GA; (4) false advertising pursuant to 15 U.S.C. § 1125(a) against Tom and Trapflix GA; (5) false designation of origin pursuant to 15 U.S.C. § 1125(a) against Tom and Trapflix GA; (6) common law trademark infringement against Tom and Trapflix GA; (7) unfair competition pursuant to California Business and Professions Code section 17200 against Tom and Trapflix GA; (8) trademark dilution and injury to business reputation pursuant to California Business and Professions Code section 14330 against Tom and Trapflix GA; (9) unjust enrichment against Tom and Trapflix GA; (10) contributory copyright infringement against all defendants; and (11) contributory trademark infringement against all defendants.

    Plaintiff has settled and dismissed his claims against Broadus and Trapflix CA. (See Docket Nos. 84, 90, & 93.) Trapflix GA and Tom filed a Counterclaim for copyright infringement against Fuzzy Logic. The attorneys retained by Tom and Trapflix GA eventually sought the Court's permission to withdraw as counsel as a result of the failures by Tom and Trapflix GA to pay their attorneys' fees or cooperate with their counsel, and because Tom and Trapflix GA were, according to their attorneys, engaging in a course of conduct that created a risk that continued representation would breach counsel's ethical obligations. In granting the Motion to Withdraw as Counsel, the Court warned Trapflix GA that, consistent with Local Rule 83-2.2.2, it could not represent itself. The Court gave Trapflix GA time to obtain new counsel, but stated that if it did not do so, the Court would strike its Answer and Counterclaim and enter its default. At the same time, the Court advised Tom that if he did not timely obtain new counsel or enter an appearance as counsel on his own behalf, that his Answer and Counterclaim would be stricken and his default entered. After the expiration of the deadline for an appearance by Tom or new counsel on behalf of him and Trapflix GA, the Court struck their Answers and Counterclaims and entered their defaults on May 26, 2016.

    In its Motion for Default Judgment, Fuzzy Logic seeks an award of damages, attorneys' fees, injunctive relief, and pre- and post-judgment interest against Tom and Trapflix GA (collectively "Defendants") , on its copyright and trademark claims. Specifically, Fuzzy Logic seeks an award of $150,000 in statutory damages under the Copyright Act. Fuzzy Logic also seeks damages under the Lanham Act for its actual damages and lost profits of $417,430, $250,000 in unjust enrichment obtained by Defendants, and $155,300 for corrective advertising. Fuzzy Logic requests that the Court exercise its discretion under the Lanham Act to triple these damages as a result of the willful infringement committed by Tom and Trapflix GA. Fuzzy Logic also seeks an award of $179,709 in attorneys' fees and costs incurred to prosecute its copyright and trademark claims, and an additional $28,965 in attorneys' fees and costs in its successful defense of the Counterclaim for copyright infringement asserted by Tom and Trapflix GA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6203 PA (SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | Fuzzy Logic Productions, Inc. v. Trapflix, LLC, et al. | | |

**II.     Legal Standard and Liability**

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of default, well-pled allegations in the complaint regarding liability are deemed true. Geddes v. United Fin. Corp., 559 F.2d 557, 560 (9th Cir. 1977). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The Court finds that these factors weigh in favor of granting the Motion for Default Judgment with respect to liability. In light of the allegations in the SAC, Defendants' abandonment of their defense and counterclaims, and willful failure to participate in the action, Plaintiff's interest in efficient resolution of the case outweighs any interest in an adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). The Court therefore grants Plaintiff's Motion for Default Judgment with respect to liability.

**III.    Remedies**

   **A.     Damages**

While allegations in the Complaint regarding liability are deemed admitted, allegations regarding damages are not. Geddes, 559 F.2d at 560. Rather, unliquidated damages must be supported by admissible evidence. Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 22, 89 L. Ed. 3, 11 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); see also Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093-94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence."). Pursuant to Local Rule 55-2, "[i]f the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations."

Fuzzy Logic seeks an award of $150,000 in statutory damages for its copyright claim. The Copyright Act provides:

>   (1)   Except as provided by clause (2) of this subsection, the copyright
>         owner may elect, at any time before final judgment is rendered, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6203 PA (SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | Fuzzy Logic Productions, Inc. v. Trapflix, LLC, et al. | | |

        recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2)      In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c). "A court has wide discretion to determine the amount of statutory damages between the statutory maxima and minima." Microsoft Corp. v. Ricketts, No. C 06-06712 WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007) (citing Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)). Courts have applied the following factors in cases involving the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c): "restitution of profit, reparation of injury, and deterrence of future infringement." Symantec Corp. v. Logical Plus, Inc., No. C 06-7963 SI, 2010 WL 2330388, at *2 (N.D. Cal. June 4, 2010); see also Phillip Morris USA Inc. v. Shalabi, 352 F. Supp. 2d 1067, 1076 (C.D. Cal. 2004). Courts have also considered "whether the amount of damages requested bears . . . [a] 'plausible relationship' to Plaintiff's actual damages." Adobe Sys., Inc. v. Tilley, No. C 09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010) ("These courts have noted that while the plaintiff in a trademark or copyright infringement case is entitled to damages that will serve as a deterrent, it is not entitled [to] a windfall.").

      Here, the very nature of the "sequel" created by Defendants supports a finding of willfulness. Moreover, according to Fuzzy Logic, prior to the release of Defendants' film, Tom contacted Fuzzy Logic in an effort to acquire its intellectual property rights, but when that effort failed, Defendants released their film anyway. Under these circumstances, the Court concludes that an award of $150,000 for willful copyright infringement is appropriate.

      Fuzzy Logic also seeks an award of damages under the Lanham Act. An award of damages for both copyright and trademark infringement does not constitute an impermissible double recovery. See Nintendo of Am., Inc. v. Dragon Pac. Int'l, 40 F.3d 1007, 1011 (9th Cir. 1994) ("Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both."). The Lanham Act provides:

        [T]he plaintiff shall be entitled, subject . . . to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6203 PA (SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | Fuzzy Logic Productions, Inc. v. Trapflix, LLC, et al. | | |

> and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

15 U.S.C. § 1117(a).

Here, Fuzzy Logic supports its claim for damages with the Declaration of Sidney Blum ("Blum Decl."). Mr. Blum is an accountant with significant experience involving accounting in the entertainment industry. According to Mr. Blum, from the limited information available given Defendants' refusal to respond to discovery and abandonment of their defense, Fuzzy Logic has suffered lost profits of at least $375,000 as a result of its inability to release a sequel to its original film, and Defendants obtained at least $42,430 in revenues from their release of the infringing film. Mr. Blum also calculates that Defendants were unjustly enriched by at least $250,000 as a result of increased subscription fees for Trapflix GA's streaming service associated with the release of the infringing film. Finally, Mr. Blum calculates that the cost for corrective advertising to repair the damage caused by the erroneous connection between Fuzzy Logic and the allegedly inferior infringing work among the audience, critics, and entertainment industry professionals is $155,300. Fuzzy Logic requests that the amount of damages for each of these items be trebled pursuant to 15 U.S.C. § 1117(a). In the circumstances of this case, the Court finds that, because the actual damages and Defendants' profits are difficult to calculate with precision, it is appropriate to treble the $417,430 in Plaintiff's lost profits and Defendants' profits. However, the Court declines to exercise its discretion to treble the unjust enrichment and corrective advertising damages. The Court therefore concludes that Fuzzy Logic is entitled to an award of damages under the Lanham Act in the amount of $1,657,590.

**B.     Injunctive Relief**

Fuzzy Logic seeks a permanent injunction preventing Defendants from the use or exploitation of its copyright and trademarks in "Snow on tha Bluff." The Lanham Act gives the Court the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right . . . or to prevent a violation under [the Lanham Act]." 15 U.S.C.§1116(a); 17 U.S.C. § 502(a) ("Any court having jurisdiction ov a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."); Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6203 PA (SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | Fuzzy Logic Productions, Inc. v. Trapflix, LLC, et al. | | |

competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."). The Court concludes that the equitable factors support the issuance of permanent injunctive relief in this instance.

### C. Attorneys' Fees, Costs, and Interest

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Lanham Act allows an award of attorneys' fees "in exceptional cases." 15 U.S.C. § 1117(a). According to the Ninth Circuit, "exceptional cases' can include those "when the non-prevailing party's case is "groundless, unreasonable, vexatious, or pursued in bad faith."" Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000) (quoting Interstellar Starship Servs., Ltd. v. Epix, Inc., 184 F.3d 1107, 1112 (9th Cir. 1999)); see also Interstellar Starship Servs., 184 F.3d at 1112 (explaining that "exceptional cases" may include those which the losing party engaged in "malicious, bad faith, fraudulent, deliberate or willful conduct"). Given the Court's finding that Defendants willfully infringed Fuzzy Logic's trademark by releasing an unauthorized sequel, the Court concludes that this case is "exceptional" and justifies an award of fees under both the Copyright Act and Lanham Act.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1942, 76 L. Ed. 2d 40 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433, 103 S. Ct. at 1939; see also In re Washington Public Power Supply System Securities Litig., 19 F.3d 1291, 1306 (9th Cir. 1994) ("[T]he district court was neither obligated to explain what type of records should be submitted nor to request additional information. The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award.").

In its Motion for Attorneys' Fees, Fuzzy Logic seeks $25,215 in attorneys' fees for its successful defense against the Counterclaim asserted by Tom and Trapflix GA, plus $3,750 in fees for bringing the Motion for Attorneys' Fees. It is not clear why Fuzzy Logic filed this as a separate motion rather include these fees as part of its Motion for Default Judgment, in which it requests an additional $149,215 in attorneys' fees and $30,494 in costs, which include $27,914 for Mr. Blum's expert witness fees. The Court's review of the billing records submitted in support of the requested fees establishes that Plaintiff has included tens of thousands of dollars in fees incurred to prosecute Fuzzy Logic's claims against Broadus, including in response to the Motions to Dismiss that Broadus filed. Because Tom and Trapflix GA did not join those Motions, such fees are not properly assessed against Tom and Trapflix GA. The Court should not have to sift through the billing records to confirm that Fuzzy Logic is seeking only the fees it incurred to prosecute its claims against Tom and Trapflix GA or defend against the Counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6203 PA (SSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | Fuzzy Logic Productions, Inc. v. Trapflix, LLC, et al. | | |

    As a result of Plaintiff's failures to properly allocate its fees to those related to its claims against Tom and Trapflix GA, and to defend against the Counterclaim, the Court concludes that Plaintiff has not met its burden to establish the reasonableness of the fees it seeks. The Court will therefore award fees not based on a lodestar calculation, but in accordance with the Schedule of Attorneys' Fees applicable in default judgments pursuant to Local Rule 55-3. Under the Local Rules, a paty obtaining a default judgment is entitled to $5,600 plus 2% of the amount of damages over $100,000. Here, because the Court has awarded $150,000 in copyright damages, and Lanham Act damages of $1,657,590, the Court will award $39,751.80 in attorneys' fees. The Court concludes that this is a reasonable amount of attorneys' fees under the circumstances, including its review of the amount, quality, and reasonableness of the work performed, as well as relatively early stage at which Tom and Trapflix GA abandoned the action. The Court will award the $30,494 in costs sought by Fuzzy Logic. Fuzzy Logic also seeks an award of prejudgment and postjudgment interest at the rate provided by 28 U.S.C. § 1961. That rate, on July 5, 2016, was 0.45%. The Court will therefore award Plaintiff $8,134.16 in prejudgment interest.

## Conclusion

    For all of the foregoing reasons, the Court grants Fuzzy Logic's Motion for Default Judgment. The Court awards damages to Fuzzy Logic in the amount of $1,807,590 (consisting of $150,000 in copyright statutory damages and $1,657,590 in Lanham Act damages). The Court also awards attorneys' fees in the amount of $39,751.80, costs of $30,494, and prejudgment interest of $8,134.16. Because the Court has awarded attorneys' fees in granting the Motion for Default Judgment, and Plaintiff's evidence in support of its separate Motion for Attorneys' Fees did not sufficiently establish the reasonableness of the additional fees it sought, the Court denies the Motion for Attorneys' Fees. The Court will issue a Judgment consistent with this Order that includes the injunctive relief requested by Plaintiff.

    IT IS SO ORDERED.